JACKSON FLOOR COVERING, INCORPORATED, A CORPO-
RATION, PLAINTIFF-RESPONDENT, v. MARYLAND CAS-
UALTY COMPANY OF BALTIMORE, A CORPORATION,
DEFENDANT-APPELLANT.

Submitted October 30, 1936—Decided January 22, 1937.

For the defendant-appellant, *Coult, Satz & Tomlinson*
(*John J. Francis.*)

For the plaintiff-respondent, *Cox & Walburg* (*Harry E.
Walburg*).

The opinion of the court was delivered by

BODINE, J. The defendant appeals from a judgment
against it. The answer filed to an action to recover upon an
indemnity insurance policy was struck as frivolous. The
plaintiff was engaged in the house furnishing business in
Jersey City. It had sold several rolls of linoleum to the
Packard Investment Company having a concession in the
Hudson County Big Bear Market in Jersey City. Its auto-
mobile truck in making delivery had backed up to the loading
platform and its employes were furnished by the employes of
the market with a small hand truck for the purpose of wheel-
ing the linoleum to the stand of the purchaser. While the
hand truck with the linoleum upon it was being propelled by
the plaintiff's employes along one of the public aisles of the
market, one of the rolls fell off and injured a person engaged
in business in the market, injuring her and resulting in the

judgment, which the plaintiff paid, and now seeks to recover under the terms of the policy of insurance which it held.

The defendant agreed under its policy to "Insure * * * [the plaintiff] against the loss from liability imposed by law upon the assured for damages on account of bodily injuries * * * accidentally suffered * * * by any person or persons not employed by the assured, while at or about the work of the assured and during the prosecution of said work at the place or places mentioned in item 4 (a) of the statements hereof (and elsewhere if caused by employes of the assured engaged as such in said operations and at said places, but who are required in the discharge of their duties to be from time to time at other places) * * *." The policy also provided: "VI. This policy does not cover * * * any accident caused directly or indirectly *by any automobile vehicles or by any draught or driving animal or vehicle owned or used by the assured or by any employe of the assured in charge of any such vehicle or animal,* unless such accident shall occur upon premises owned by or under the control of the assured, or on the public ways at a point immediately adjacent thereto and provided such premises are specifically described in Item IV (a) of the Schedule hereof."

Appellant's principal point is that the hand truck involved in the accident was a draught vehicle within the terms of the policy. The learned trial judge properly held otherwise. The words of general coverage are broad. That which is excluded is "any accident caused directly or indirectly by any automobile vehicle or by any draught or driving animal or vehicle owned or used by the assured or by any employe in charge of any such vehicle or animal."

The definitions of the word "draught" in Webster's New International Dictionary are quite properly placed under the word "draft." The spelling "draught" not agreeing with modern pronunciations has in recent times been replaced with "draft" in most senses of the word. In general, draught means the act of drawing, or the thing drawn; it means the act of moving loads by drawing as by beasts of burden, and the like. It is used in the sense of pull, as one would say, oxen for all sorts of draught.

It would seem a most violent assumption to hold that the hand truck used to wheel the linoleum to the place of delivery was a draft vehicle. The language of exclusion from coverage is "automobile vehicle, or any draught or driving animal or vehicle." Plainly meaning to exclude automobiles and vehicles drawn by horse, or other driving animal.

It appears that the unloading of the plaintiff's automobile truck had been completed, and that the transportation from then on was by a different means; hence, there could have been no concurrent coverage, since the carrier insuring the automobile truck was under no obligation.

Appellant further claims that since the policy covered the plaintiff's operations in house furnishings and upholstery that it could not include accidents which occurred while making delivery of goods sold. The coverage, as before indicated, is very broad and the words are not limited to mere installations but cover all necessary dealings in house furnishings generally. There is no reason and no law by which we may write in to the policy a different form of exclusion than that to be found in the precise terms of the policy. Had the carrier desired to exclude liability for injuries caused by all vehicles it could have done so, but having excluded liability for injuries "caused directly or indirectly by any automobile vehicle or by any draught or driving animal or vehicle owned or used by the assured," it cannot claim that it is not liable for injuries occasioned by the propelling of a hand truck. The words of the policy must be most strongly construed against the insurance company.

Other matters suggested have been examined carefully and have no merit.

Judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 14.

*For reversal*—None.