HARRISBURG COMMUNITY UNIT SCHOOL DISTRICT NO. 3, Plaintiff-Appellant, v. RALPH STEAPLETON *et al.*, Defendants-Appellees.

Fifth District   No. 5—89—0131

Opinion filed March 28, 1990.

Timothy L. Fornes, of Rath & Fornes, of Harrisburg, for appellant.

Michael P. Oshel, P.C., of Harrisburg, for appellees.

JUSTICE CHAPMAN delivered the opinion of the court:

On December 8, 1987, the Board of Education of the Harrisburg Community Unit School District No. 3 (Harrisburg School District) resolved that the property known as Independence School would be sold. Notice of public sale of the property was published in the Harrisburg Daily Register pursuant to section 5—22 of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 5—22). The notice provided, *inter alia*, that the minimum bid for the property would be $50,000, and that the playground equipment and portable classroom were reserved. No bids were received at the public sale.

Subsequent to the public sale, defendant Ralph Steapleton made a written offer to purchase the property from the regional school board for $52,100. Defendant offered to "purchase *** the building known as Independence School together with all present real estate contingent with said building." Defendant's offer was accepted and a quitclaim deed was executed on behalf of the Regional Board of School Trustees of Gallatin, Hardin, Pope and Saline Counties, naming as grantees Ralph Steapleton and Joann Steapleton. The deed provided a legal description of the real estate to be conveyed and made no mention of any reservations.

After closing on the sale of the property, the plaintiff, without objection by the defendants, removed the playground equipment from the premises. Upon attempting to arrange for the removal of the portable classroom, the Steapletons informed plaintiff that they considered the portable classroom to be theirs and refused to allow its removal. On October 11, 1988, Harrisburg School District filed a complaint in replevin, seeking possession of the portable classroom and damages for its retention. After a hearing the trial court denied plaintiff's prayer for issuance of a writ of replevin. A trial on the merits of plaintiff's complaint was conducted December 22, 1988. In an order dated February 3, 1989, the trial court found that the portable classroom was realty and was not subject to a replevin action, and although plaintiff may have intended to reserve possession of the classroom, the issue was never discussed by the parties nor was it a condition of the sale to defendants. The court dismissed plaintiff's complaint in replevin. Plaintiff appeals from the trial court's order.

Two issues are presented for our review. Plaintiff contends that the trial court's order dismissing plaintiff's petition for a writ of replevin is against the manifest weight of the evidence and is an abuse of discretion. Plaintiff also contends that the court erred in excluding one of its witnesses from testifying at trial. We will address the witness-exclusion issue first.

At the commencement of the trial, defendant's counsel moved to exclude witnesses. The court allowed the motion. After counsel for both parties made their opening statements, plaintiff called Mr. George Ewell as a witness. Mr. Ewell was present in the courtroom during opening statements even though prior to trial the court had ordered all witnesses excluded. The court, thereupon, sustained defendants' objection to Mr. Ewell testifying.

■■ ■ It is within the discretion of the trial court to grant motions to exclude witnesses from the courtroom. (*People v. Bodeman* (1982), 105 Ill. App. 3d 39, 43, 433 N.E.2d 1140, 1144.) Whether to allow one who has been in the courtroom in violation of the court's order to testify is within the sound discretion of the trial court, and the court's ruling will not be disturbed unless the party offering the witness was deprived of material testimony without his fault. (*People v. Bridgeforth* (1972), 51 Ill. 2d 52, 63, 281 N.E.2d 617, 623, *appeal dismissed* (1972), 409 U.S. 811, 34 L. Ed. 2d 66, 93 S. Ct. 100.) Absent a manifest abuse of discretion, the trial court's decision will not be disturbed on review. (*People v. Dixon* (1961), 23 Ill. 2d 136, 140, 177 N.E.2d 206, 208.) Plaintiff argues that the purpose of the rule to exclude witnesses is to prevent them from hearing the testimony of other witnesses. Plaintiff contends that because Mr. Ewell was privy only to opening arguments of counsel, he did not hear any testimony and, therefore, should not have been excluded from testifying. In sustaining defendants' objection, the court explained that although the opening statements of counsel are not evidence, they are intended to convey to everyone what the evidence is going to be. Once the order to exclude witnesses has been made, the court's ruling on whether to allow witnesses who violate the rule to testify will not be disturbed absent a manifest abuse of discretion. (*People v. Bodeman* (1982), 105 Ill. App. 3d 39, 43, 433 N.E.2d 1140, 1144.) In the case at bar, no offer of proof was made as to what testimony Mr. Ewell would have given. We note that plaintiff has not indicated on appeal what Mr. Ewell's testimony would have been had he been allowed to testify. In the absence of an offer of proof, we are not prepared to say that in excluding the testimony the trial court abused its discretion.

■■ The merits of this appeal concern the trial court's order dismissing plaintiff's petition for writ of replevin. A replevin action is an action to recover possession of goods wrongfully distrained or otherwise wrongfully taken or detained, brought by the owner or person entitled to their possession. (Ill. Rev. Stat. 1987, ch. 110, par. 19— 101.) In Illinois, replevin is strictly a statutory proceeding and the requirements of the statute must be followed precisely. *Universal Credit*

*Co. v. Antonsen* (1940), 374 Ill. 194, 200, 29 N.E.2d 96, 99; *Jim's Furniture Mart, Inc. v. Harris* (1976), 42 Ill. App. 3d 488, 490, 356 N.E.2d 175, 177.

██ In the instant case the pivotal issue is whether the court erred in finding the portable classroom to be a part of the realty and, therefore, not subject to replevin. To determine whether an item is personalty and not part of the realty, three factors are considered: (1) the nature of its attachment to the realty; (2) its adaptation to and necessity for the purpose for which the premises are devoted; and (3) whether it was intended that the item in question should be considered part of the realty. (See *Kreisman & Co. v. First Arlington National Bank* (1981), 91 Ill. App. 3d 847, 852, 415 N.E.2d 1070, 1074.) Intent is the preeminent factor, the other considerations being primarily evidences of intent. *Owings v. Estes* (1912), 256 Ill. 553, 556, 100 N.E. 205, 206.

██ In considering these factors as applied to the present case, we see from the testimony elicited at the first hearing to determine whether a writ of replevin should issue that the portable classroom is affixed to the realty. Dr. Carpenter, superintendent of schools of Community Unit District No. 3, testified that the portable classroom does not rest on a concrete slab or other foundation, but is supported by concrete building blocks. He testified that there is plumbing to the building which extends from two bathrooms in the building, out to a septic tank. There is also a connection bringing water into the classroom and a power line. Even if we assume the building can be disconnected without damage to the remaining freehold, that an item may be removed does not conclusively establish that it is personalty where it is clear that there is an intention to permanently improve the property by its installation. (See *Crane Erectors & Riggers, Inc. v. La Salle National Bank* (1984), 125 Ill. App. 3d 658, 662, 466 N.E.2d 397, 400.) We consider the nature of the portable classroom's attachment to be of minimal value to determining whether Harrisburg School District intended to permanently improve the property. Testimony was given that whenever portable classrooms are used at a school site, in order to be functional they have to have such amenities. Testimony of school officials established that although generally the portable classrooms remained at given sites for years, they were at times moved to different locations as needed.

With regard to the second factor for consideration, testimony established that the portable classroom was conveniently adapted for use on the premises, whether that use be as a classroom or as an office or living quarters as Ralph Steapleton testified he might use it as.

In considering the third factor of whether the portable classroom was intended to be considered part of the realty, we note that in Illinois personalty affixed to the realty does not necessarily lose its identity as personalty. Property remains personalty where such intent can be gathered from the conduct or the action of the parties. (*Landfield Finance Co. v. Feinerman* (1972), 3 Ill. App. 3d 487, 490, 279 N.E.2d 30, 33.) In the case at bar the only suggestion made to the defendants that the portable classroom was not considered part of the realty stemmed from two incidents occurring prior to the public auction of the property. Vernon Ford, a custodian employed by the plaintiff, testified that in early spring of 1988, Dr. Carpenter instructed him to display the premises to the Steapletons because they were interested in purchasing the property. Mr. Ford testified that he advised the Steapletons at that time that the portable classroom was not to be included in the sale. Ralph Steapleton denies any recollection of Mr. Ford advising him of this. The only other indication that defendants had notice that the portable classroom was not to be included in the sale was the newspaper publication concerning the public sale of the property, wherein it was stated that the portable classroom was reserved. Although the testimony of plaintiff's remaining witnesses establishes that no discussions or correspondence took place between the parties to inform the defendants that the portable classroom was considered personalty by the plaintiff, plaintiff argues that the terms included in the notice of public sale were binding upon the parties in the instant sale. Plaintiff refers to section 5—22 of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 5—22) in support of its argument.

Section 5—22 provides the school board with authority to sell real estate within the school district. The statute provides a form notice which may be used for the purposes of such sales by public sale, auction, or sealed bid. It is uncontested that the Harrisburg School District published a notice of public sale in conformance with section 5—22, which included a provision reserving the portable classroom to the sellers. In situations such as the case at bar, where sealed bids are taken after no bids are received at a public sale, the statute does not require that the notice of sale be republished if the minimum selling price is met. In addition, the statute does not provide that all terms and conditions of sale included in the notice of public sale are binding upon the parties in a subsequent sale of the realty by sealed bid. In this case the defendant's written offer to purchase referred to "the building known as Independence School together with all present real estate contingent with said building," and the deed made no mention of any reservations. We decline to adopt plaintiff's interpretation of

section 5—22 that the terms included in the notice of public sale were binding upon the defendants even though they did not bid on the property at the public sale.

 We conclude that although the Harrisburg School District may have intended to retain possession of the portable classroom, the evidence does not show that it conveyed this intent to the defendants, either by its conduct or its actions. The written offer and the deed are the clearest expressions of the parties' intent. We affirm the judgment of the trial court.

Affirmed.

HOWERTON and RARICK, JJ., concur.