STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff-Appellee, v. ANTHONY J. HATHERLEY, Defendant-Appellant (Hidden Lakes Estate Condominium Association et al., Defendants).

First District (4th Division)   No. 1—91—3280

Opinion filed June 10, 1993.

Richard C. Jones, Jr., and Michael D. Richman, both of Dardick & Denlow, of Chicago, for appellant.

Michael Resis, of Querrey & Harrow, Ltd., of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, State Farm Fire & Casualty Company, filed a complaint for declaratory judgment in the circuit court of Cook County. Plaintiff sought a determination that it had no duty to defend or indemnify its insured, defendant, Anthony J. Hatherley, in a separate case brought by Heritage Standard Bank and Trust against defendant. Following a hearing, the trial court granted plaintiff's summary judgment motion.

Defendant brought this appeal, contending that (1) plaintiff's declaratory judgment action was premature, and (2) the trial court improperly granted summary judgment thereby holding that plaintiff had no duty to defend or indemnify in an underlying suit.

We affirm.

The underlying suit is based on a dispute between Heritage Standard Bank and Trust (the Bank) and defendant. The dispute concerns property damage to a condominium unit (the unit) purchased by defendant with a mortgage issued by the Bank. In its four-count complaint against defendant, the Bank alleged that it foreclosed on the unit on November 16, 1984, and later bought the unit at a court-ordered sheriff's sale. The Bank became entitled to possession of the unit on February 21, 1985. On February 27, 1985, the bank took possession of the unit. Prior to that time, however, defendant was in exclusive possession of the unit and had removed certain improvements, including lighting fixtures, kitchen cabinets and countertops, electrical fixtures, bathroom fixtures, and carpeting. The Bank claimed the unit was damaged by defendant's removal of the improvements. The Bank later filed a second amended complaint based on negligence, conversion, and intentional trespass.

Pursuant to his homeowner's insurance policy, defendant requested plaintiff defend and indemnify him against any liability arising from the underlying suit. Plaintiff initially agreed to defend under a reservation of rights, but later filed a motion for summary judgment. Prior to the hearing, plaintiff filed a request to admit facts alleging that defendant removed kitchen cabinets and countertops, a whirlpool bathtub, and carpeting from the unit. Defendant filed no response. After the hearing, the trial court granted plaintiff's motion for summary judgment, finding that several policy exclusions applied which exempted defendant from liability coverage. Defendant later filed a motion pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), which the trial court denied. Defendant filed the instant appeal.

We will first consider defendant's argument that plaintiff's declaratory action was premature.

The general rule is that when an insurer is in doubt as to whether it has a duty to defend its insured, it may seek a declaratory judgment to determine its obligations and rights or defend under a reservation of rights. (*Fidelity & Casualty Co. v. Envirodyne Engineers, Inc.* (1983), 122 Ill. App. 3d 301, 304.) In response to defendant's request for defense and indemnification, plaintiff initially defended under a reservations of rights, but later filed this declaratory judgment

action. Defendant argues that the issue of whether the improvements removed from the unit were "fixtures" should have been adjudicated by the trial court in the underlying suit before a declaratory judgment action could properly proceed. We hold that defendant's argument is without merit.

■ It is well settled that a court in a declaratory judgment action may not determine whether the insured is actually liable nor may it determine any facts upon which the insured's liability is based. (*State Farm Fire & Casualty Co. v. Moore* (1981), 103 Ill. App. 3d 250, 257.) Here, however, the trial court's ruling had no bearing on whether defendant was liable for the property damage, nor on any facts upon which defendant's liability would be based. Rather, the trial court merely determined that no allegations in the underlying complaint brought the case within potential coverage of the given policy exclusions. Regardless of whether the improvements are considered fixtures or personal property, as we shall discuss below, plaintiff had no duty to defend or indemnify defendant in the underlying suit. (See *Fidelity & Casualty Co. v. Envirodyne Engineers, Inc.* (1983), 122 Ill. App. 3d 301.) We find that plaintiff's declaratory judgment action was not brought prematurely.

We now consider whether the trial court properly held that plaintiff had no duty to defend or indemnify defendant in the underlying suit.

■ Whether an insurer has a duty to defend its insured depends on whether the underlying complaint alleges facts within or potentially within coverage of the insurance policy. (*United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.* (1989), 193 Ill. App. 3d 1087, 1092.) In affirming our decision in *Wilkin*, the Illinois Supreme Court stated that an insurer may properly refuse to defend its insured if "it is *clear* from the face of the underlying complaint that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage." (Emphasis in original.) (*United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.* (1991), 144 Ill. 2d 64, 73.) Where the underlying complaint alleges facts which if true would exempt the insured from coverage under the policy, the insurer has no duty to defend. (*Associated Indemnity Co. v. Insurance Co. of North America* (1979), 68 Ill. App. 3d 807, 817.) Moreover, where a court properly holds that an insurer has no duty to defend, the court may also hold that the insurer has no duty to indemnify. *Altaf v. Hanover Square Condominium Association No. 1* (1989), 188 Ill. App. 3d 533, 542.

Illinois case law holds that where the language of an insurance policy is clear and unambiguous, it will be applied as written. (*United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 4.) Here, defendant's insurance policy contained several exclusionary clauses, three of which plaintiff used to support its argument that no theory alleged in the Bank's complaint in the underlying action gave rise to potential liability coverage. The exclusions to which plaintiff referenced noted that personal liability coverage under the policy did not apply to (1) property damage which is expected or intended by the insured (exclusion 1a); (2) property damage to property owned by the insured (exclusion 2a); and (3) property damage to property rented to, occupied or used by or in the care of an insured except where the damage was caused by fire, smoke or explosion (exclusion 2c).

■ In its complaint against defendant, the Bank alleged that defendant was in "exclusive" possession of the unit until February 27, 1985, when the Bank took physical possession of the unit. Sometime prior to that date, defendant damaged or caused the unit to become damaged by removing certain improvements from the unit. This court has previously held that liability for damage to property which is in the custody or care of the insured is frequently excluded from liability coverage. (*Bolanowski v. McKinney* (1991), 220 Ill. App. 3d 910, 914.) Exclusion 2c in defendant's insurance policy provided that plaintiff would not be liable for damage to property occupied or used by or in the care of an insured. As the underlying complaint alleged defendant was in "exclusive" possession of the unit, we hold that the trial court properly found that exclusion 2c applied to deny defendant liability coverage under the policy.

Likewise, we find that the trial court correctly found that exclusion 1a also operated to exclude defendant from liability coverage under the policy. In *Aetna Casualty & Surety Co. v. Freyer* (1980), 89 Ill. App. 3d 617, the plaintiff filed a motion for declaratory judgment seeking a declaration of no duty to defend or indemnify the defendant in an underlying suit which alleged defendant maliciously assaulted another person and maliciously damaged property. In *Freyer*, the court held that the plaintiff owed no duty to defend based on an exclusion in the policy there, which was similar to exclusion 1a in the instant case. The court reasoned that "damage directly resulting from the intentional destruction or removal of property is not covered both because it is not accidental and because it falls under the policy exclusion." *Freyer*, 89 Ill. App. 3d at 621.

In the present case, the underlying complaint alleged that the unit was damaged by defendant's removal of certain improvements. This

338

allegation, if true, would exclude defendant from coverage under the policy based on exclusion 1a. (See *Associated Indemnity Co. v. Insurance Co. of North America* (1979), 68 Ill. App. 3d 807, 817.) Prior to the hearing, plaintiff filed a request for defendant to either admit or deny that he removed several improvements from the unit. However, defendant did not respond. Pursuant to Supreme Court Rule 216 (134 Ill. 2d R. 216), a party must respond or object to a request to admit facts within 28 days following service of the request, otherwise such facts may be deemed admitted. (*Deboe v. Flick* (1988), 172 Ill. App. 3d 673, 677.) Hence, we hold that the trial court properly found that plaintiff had no obligation to defend defendant in the underlying suit.

Since the trial court correctly held that plaintiff had no duty to defend, its decision that plaintiff had no duty to indemnify was also proper. See *Bituminous Casualty Corp. v. Gust K. Newberg Construction Co.* (1991), 218 Ill. App. 3d 956.

For the foregoing reasons, the judgment of the the circuit court of Cook County is affirmed.

Affirmed.

CAHILL and HOFFMAN, JJ., concur.