AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Plaintiff-Appellee, v. LINDA CHICZEWSKI, Next Friend of K.C., a Minor, *et al.*, Defendants-Appellants (Richard Eitel, Jr., Defendant).

Second District   No. 2—97—1228

Opinion filed September 14, 1998.

Russell J. Heitz, of Wyeth, Heitz & Bromberek, of Naperville, for appellants.

Carol Proctor, of Hinshaw & Culbertson, of Chicago, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Defendants, Linda Chiczewski, individually, and as next friend of K.C., a minor, and Joseph Chiczewski, appeal the order of the circuit court of Du Page County granting summary judgment for plaintiff, American Family Mutual Insurance Company (American Family). We affirm.

American Family brought a declaratory judgment action seeking a judicial determination that it was not obligated to defend or indemnify its insured, Richard Eitel, Jr., in a civil suit filed by defendants against Eitel (No. 94—L—1034). The underlying suit arose from allegations that Eitel entered defendants' home at approximately 4 a.m. on July 13, 1992, and physically injured defendants' five-year-old daughter, K.C. (Eitel was criminally convicted for this incident (No. 92—CF—1554).) Defendants alleged that, after consuming alcohol or ingesting

illegal drugs, Eitel entered defendants' residence, proceeded to K.C.'s bedroom, and "carelessly and negligently flailed his arms, legs and other object [sic]," causing K.C. to suffer great bodily harm (count I). Defendants further alleged willful and wanton misconduct (count II); intentional battery (count III); the family expense statute (count IV); negligent infliction of emotional distress (counts V and VI); intentional infliction of emotional distress (counts VII and VIII); and loss of consortium (counts IX, X, and XI).

On November 6, 1997, the trial court granted summary judgment in favor of American Family finding that American Family owed no coverage to Eitel under his father's homeowner's policy because defendants' allegations fell within the policy's "physical abuse to a minor exclusion." Defendants timely appeal and request that we enter summary judgment in their favor.

■ We begin our analysis by addressing the issue of whether the trial court properly granted summary judgment. Since the parties filed cross-motions for summary judgment, only a question of law is involved, and the reviewing court decides the issues based on the record. *Aryainejad v. Economy Fire & Casualty Co.*, 278 Ill. App. 3d 1049, 1051 (1996). On appeal from the entry of summary judgment, the standard of review is *de novo. Aryainejad*, 278 Ill. App. 3d at 1051.

Defendants contend that the trial court erred in determining that the insurance policy issued by American Family did not provide coverage with respect to the underlying action. Defendants argue that the "physical abuse of a minor" exclusion does not apply. The "physical abuse of a minor" exclusion in the policy excludes coverage for bodily injury arising from "claims or suits seeking damages, including defense of same, to any person who actively participates in any act of sexual molestation or physical or mental abuse of a minor."

■ Whether an insurer has a duty to defend its insured depends on whether the underlying complaint alleges facts within or potentially within coverage of the insurance policy. *State Farm Fire & Casualty Co. v. Hatherley*, 250 Ill. App. 3d 333, 336 (1993). Where the underlying complaint alleges facts which if true would exempt the insured from coverage under the policy, the insurer has no duty to defend. *State Farm Fire & Casualty Co.*, 250 Ill. App. 3d at 336. Where the language of an insurance policy is clear and unambiguous, it must be given its plain and ordinary meaning. *State Farm Fire & Casualty Co.*, 250 Ill. App. 3d at 337.

■ In their complaint against Eitel, defendants alleged that Eitel caused their daughter "great bodily harm, multiple fractures, traumatic brain injury, an active blood clot requiring surgery and drug induced coma, all of which has resulted and will in the future result in

\*\*\* pain, suffering and disability and disfigurement, of a permanent nature." Abuse is defined as "physically harmful treatment." Webster's Third New International Dictionary 8 (1993). These allegations clearly and unambiguously establish that Eitel actively participated in the physical abuse of a minor.

Defendants argue that the term "abuse" is inherently ambiguous because it naturally carries with it an element of intent. We fail to see the relevance of this argument. The term "abuse" is not accidental or negligent. By arguing that the term is intentional, defendants defeat their argument that Eitel's actions were negligent. Moreover, we note that the exclusion does not require an element of intent or expectation. Because there is no intent requirement, the allegations that Eitel ingested alcohol or drugs so that he was unable to control his actions and thus lacked the specific intent have no bearing on the applicability of the exclusion.

Defendants further argue that, regardless of whether the term "abuse" is considered ambiguous, American Family must present evidence of abuse and failed to do so, and thus the trial court erred in granting summary judgment. This argument is also unreasonable given the allegations raised by defendants.

Because the underlying complaint seeks recovery from Eitel for his active participation in an act of physical abuse of a minor, we find that the trial court properly held that American Family had no duty to defend or indemnify Eitel in the underlying suit. We have reviewed defendants' remaining contentions and find them to be without merit. Accordingly, we affirm the grant of summary judgment for American Family.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

THOMAS and RATHJE, JJ., concur.