A AND A MARKET, INC., Plaintiff-Appellant, v. PEKIN INSURANCE COMPANY, Defendant-Appellee.

First District (4th Division)    No. 1—98—0437

Opinion filed June 30, 1999.

Childress & Zdeb, Ltd., of Chicago (Amy L. Edwards and Edward Eshoo, Jr., of counsel), for appellant.

Scott A. Ruksakiati, of Leahy, Eisenberg & Fraenkel, Ltd., of Chicago, for appellee.

JUSTICE HALL delivered the opinion of the court:

Insured A&A Market, Inc. (plaintiff), filed suit against its insurer, Pekin Insurance Company (defendant), alleging breach of contract due to defendant's refusal to pay an insurance claim tendered by plaintiff. The parties cross-motioned for summary judgment. Summary judgment was granted in favor of defendant. On appeal, plaintiff contends that defendant breached its insurance contract by denying coverage where the plain language of such contract provides coverage. For the foregoing reasons, we affirm the judgment of the circuit court.

The following facts are relevant to this appeal. Plaintiff leases a building at 901 W. 55th Street, Countryside, Illinois. Plaintiff operates a gas station/convenience store from the premises. The gas pumps are owned by the lessor and are bolted onto a concrete island in the ground. The pumps were attached to the ground, by the lessor, for the purpose of operating a gas station.

Defendant is a domestic corporation authorized by the Department of Insurance of the State of Illinois to issue insurance policies covering all risks of direct physical loss. Defendant issued to plaintiff a business owner's policy of insurance effective October 5, 1995. The policy was valid for one year. The policy provided coverage for plaintiff's business personal property with a limit of $100,000. It is undisputed that the policy did not provide coverage for the building.

On December 10, 1995, a motor vehicle accident occurred at an intersection near the premises. A tire from one of the vehicles involved in the accident hit a gas pump located on plaintiff's premises, causing substantial damage to the gas pump.

Plaintiff submitted a claim to defendant seeking coverage under the policy for its losses. Plaintiff sought monies in the sum total of $17,946.82 ($16,400.76 for property damage and $1,546.06 for loss of business income). Defendant denied coverage of the claim because the gas pumps were not covered property under the terms of the policy. Plaintiff filed suit against defendant for breach of contract.

Defendant filed a motion for summary judgment. Defendant contended that the policy did not provide coverage for plaintiff's losses

because the gas pump was a fixture, and fixtures were only covered under the "Buildings" coverage afforded by the policy. Defendant further contended that plaintiff did not have insurance coverage for the building; thus, defendant was not liable for plaintiff's losses.

Plaintiff cross-motioned for summary judgment. Plaintiff contended that its losses were covered under the policy because the policy provided coverage for property of others within 100 feet of the building in plaintiff's care, custody, or control. Plaintiff further contended that the gas pump was: (1) the property of another person (the lessor); (2) within 100 feet of the building; and (3) in plaintiff's care, custody, or control at the time of the loss. The trial court granted defendant's motion for summary judgment. This appeal followed.

■ The construction of an insurance policy and a determination of the rights and obligations thereunder are questions of law for the court to determine. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 620 N.E.2d 1073 (1993). In such cases, disposition by way of summary judgment is appropriate. *Crum & Forster Managers Corp.*, 156 Ill. 2d 384. The standard of review is *de novo. Laycock v. American Family Mutual Insurance Co.*, 289 Ill. App. 3d 264, 266, 682 N.E.2d 382 (1997). In Illinois, if the terms of the policy are clear and unambiguous, they must be given their plain and ordinary meaning. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 108, 607 N.E.2d 1204 (1992). Only where it is clearly apparent that the claim is beyond policy coverage can the insurer justifiably refuse payment. *La Rotunda v. Royal Globe Insurance Co.*, 87 Ill. App. 3d 446, 451, 408 N.E.2d 928 (1980).

The insurance policy issued to plaintiff provides coverage for business personal property only. The insurance policy defines particular categories of coverage and provides in pertinent part:

"A. Coverage

    1. Covered Property

        a. **Buildings**, meaning the buildings and structures at the premises described in the Declarations, including:

                * * *

        (2) Permanently installed:

           (a) Fixtures

                * * *

        (4) Outdoor fixtures .

                * * *

        b. **Business Personal Property** located in or on the buildings at the described premises or in the open (or in a vehicle) within 100 feet of the described premises, including

\* \* \*

(2) property of others that is in your care, custody, or control, but this property is not covered for more than the amount for which you are legally liable \*\*\*.

\* \* \*

5. Additional Coverage

\* \* \*

f. Business Income

We will pay for the actual loss of business income you sustain due to the necessary suspension of your 'operations' during the 'period of restoration'. The suspension must be caused by direct physical loss of or damage to property at the described premises, including personal property in the open (or in a vehicle) within 100 feet, caused by or resulting from any covered cause of loss." (Emphasis in original.)

Plaintiff contends that the gas pumps are business personal property for which the policy provides coverage. Defendant contends that the gas pumps are fixtures and thus part of the realty. Defendant also contends that the policy issued to plaintiff does not provide coverage for damage to the realty. We agree.

■ In Illinois, a fixture is, by definition, real property because it is incorporated in or attached to realty. *In re Casper*, 156 B.R. 794 (Bankr. S.D. Ill. 1993). To determine whether an item is personalty and not part of the realty, three factors are considered: (1) the nature of its attachment to the realty; (2) its adaptation to and necessity for the purpose for which the premises are devoted; and (3) whether it was intended that the item in question be considered part of the realty. *Harrisburg Community Unit School District No. 3 v. Steapleton*, 195 Ill. App. 3d 1020, 1024, 553 N.E.2d 76 (1990); *Beeler v. Boylan*, 106 Ill. App. 3d 667, 670, 435 N.E.2d 1357 (1982). Intent is the preeminent factor; the other considerations are primarily evidence of intent. *Harrisburg*, 195 Ill. App. 3d at 1024.

■ Additionally, we note that no Illinois court has specifically addressed cases dealing with gasoline pumps as personalty or fixtures. Notwithstanding, we find that the gasoline pumps, in this case, are part of the realty and cannot be considered as part of the personalty covered by the policy. Our reasoning relies on the inference that the pumps are essential to the completeness of the gas station, for the purposes for which it has been built and is being operated. Moreover, anything placed on the land and intended to remain permanently in place becomes a part of the realty. Further, we believe that fixtures of a gas station attach to the realty in the absence of a contract expressly or implicitly providing otherwise.

Finally, plaintiff contends that defendant breached its contract of insurance by denying coverage for plaintiff's property damage. Plaintiff specifically contends that its losses are covered under the policy because the policy provides coverage for property of others within 100 feet of the building in plaintiff's care, custody, or control. Defendant contends that the gas pumps are not business personal property and thus the policy provides no coverage. We agree.

Because we have determined that the gas pumps are fixtures, we cannot find that defendant breached its contract of insurance. Plaintiff erroneously assumes that its loss is covered under the business personal property provision. However, according to the terms of plaintiff's policy, coverage for fixtures is provided only if the building is insured. It is undisputed that the policy did not provide coverage for the building. We find that the language of the insurance policy is clear and unambiguous; thus, it will be applied as written. *State Farm Fire & Casualty Co. v. Hatherley*, 250 Ill. App. 3d 333, 337, 621 N.E.2d 39 (1993). Consequently, because the policy does not provide coverage, plaintiff is not entitled to recovery for damage to the gas pump or loss of business income.

Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.

SOUTH, P.J., and HOFFMAN, J., concur.