MILWAUKEE GUARDIAN INSURANCE, INC., Plaintiff-Appellee, v. JOHN J. TARASKA, Defendant-Appellant.

Third District No. 3—92—0142

Opinion filed October 7, 1992.

Joseph R. Napoli, Ltd., of Peoria (Joseph R. Napoli, of counsel), for appellant.

Westervelt, Johnson, Nicoll & Keller, of Peoria (Jeremy H. Heiple, of counsel), for appellee.

JUSTICE SLATER delivered the opinion of the court:

Defendant John Taraska was allegedly injured in a collision involving an uninsured taxicab while defendant was in the Bahamas. Taraska initiated arbitration proceedings seeking recovery under the uninsured motorist provision of his insurance policy with plaintiff Milwaukee Guardian Insurance, Inc. Plaintiff then sought a declaratory judgment that defendant's claim was excluded under the territorial limitation provision contained in the policy. The trial court granted summary judgment for plaintiff and defendant appeals. We affirm.

The subject of the dispute in this case is a territorial limitation provision which appears in the insurance policy under the heading "General Provisions" and states:

"POLICY PERIOD

TERRITORY

This policy applies only to accidents, occurrences, and losses during the policy period shown in the Declarations while *the car* is within the United States, its territories or possessions, or Canada or between their ports." (Emphasis added.)

The insurance company contends, and the trial court found, that "the car" means any vehicle which would trigger coverage under any of the policy provisions. Under such an interpretation, the car in this case would be the uninsured taxicab, thereby precluding coverage because it was located in the Bahamas. The insured claims that "the car" should be read as "the insured car," thereby providing coverage for the accident because the insured car was in the United States when the accident occurred. Alternatively, the insured contends that the policy is ambiguous and must be construed in his favor.

A court's function in construing an insurance policy is to ascertain and enforce the intention of the parties as expressed in the agreement, and the construction given the policy should be a natural and reasonable one. (*De Los Reyes v. Travelers Insurance Cos.* (1990), 135 Ill. 2d 353, 553 N.E.2d 301.) While ambiguities in an insurance policy will be construed in favor of the insured, the mere absence of a definition does not necessarily render a policy term ambiguous, nor is an ambiguity created simply because the parties disagree about the meaning of the policy language. (*A. Miller & Co. v. Cincinnati Insurance Co.* (1991), 217 Ill. App. 3d 572, 577 N.E.2d 885.) All the provisions of an insurance policy should be read together to interpret it and to determine whether an ambiguity exists. (*United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 429 N.E.2d 1203.) A provision in an insurance policy is ambiguous if, considering the policy as a whole, it is subject to more than one reasonable interpretation. *Dolan v. Welch* (1984), 123 Ill. App. 3d 277, 462 N.E.2d 794.

After examining the entire insurance policy, we believe that the only reasonable interpretation of the territorial limitation provision is that it applies to the vehicle which triggers coverage in a given case. The first and second pages of the policy define various terms used throughout the policy, including "your insured car," "private passenger car" and "utility car." The term "the car" is not defined. The remainder of the policy is divided into five parts. Part A provides for liability coverage for bodily injury or property damage arising out of the ownership, maintenance or use of a car or utility trailer by an insured person. In explaining who an "insured person" is under the policy, this section

uses the term "your insured car" three times. In addition, this section lists various exclusions in which the term "your insured car" is used four times. Parts B, C, D and E of the policy refer to expenses for medical services, uninsured motorist coverage, car damage coverage and general provisions. These sections use the term "your insured car" 28 times. It is thus obvious that when the insurance company intended a provision to apply only to the insured car it used the term "your insured car." When viewed in this context, defendant's interpretation of the term "the car" as "the insured car" is clearly unreasonable.

What then, does the term "the car" mean? It may have any number of meanings when viewed in isolation, but as indicated earlier, the provisions of an insurance policy should be read and interpreted as an integrated whole, not as isolated parts. (See *United States Fire Insurance Co.*, 88 Ill. 2d 1, 429 N.E.2d 1203.) The territorial limitation provision is contained in part E of the policy under the heading "General Provisions." As such it applies to the entire policy, but its meaning and effect will vary depending upon the type of coverage at issue. For example, in the context of liability coverage, "the car" means the vehicle which gave rise to the potential liability. Under defendant's interpretation, however, liability coverage would extend to a rental car in Japan or a borrowed car in Australia, so long as the insured car remained in the United States.

While further examples could be offered (see, *e.g., Kvalheim v. Farm Bureau Mutual Insurance Co.* (Iowa 1972), 195 N.W.2d 726, 730), we believe that the unreasonableness of defendant's position is evident. The territorial limitation provision must be construed in relation to the coverage at issue. In the context of the uninsured motorist coverage at issue here, "the car" means the uninsured taxicab located in the Bahamas. The location of the insured car is simply irrelevant in such a factual scenario. As our supreme court stated in a different context:

> "In our judgment, defendant's interpretation could not have been reasonably contemplated by the parties at the time they entered into a contract, and we should not impose such open-ended coverage when the geographic limits of the policy are clear." *United States Fire Insurance Co.*, 88 Ill. 2d at 8, 429 N.E.2d at 1207.

For the reasons stated above, the judgment of the circuit court is affirmed.

Affirmed.

GORMAN and HAASE, JJ., concur.