No. 2--96--1385

___________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

___________________________________________________________________

STEVEN LAYCOCK and CHARLES  ) Appeal from the Circuit Court 

LAYCOCK,                        )  of Du Page County.

                           )

Plaintiffs-Appellants,     ) No. 95--MR--529

                                )  

v.                              )

                                )

AMERICAN FAMILY MUTUAL          ) 

INSURANCE COMPANY,              ) Honorable

                           ) Robert E. Byrne,

Defendant-Appellee.        )  Judge, Presiding.

___________________________________________________________________   

JUSTICE INGLIS delivered the opinion of the court:

Plaintiffs, Steven Laycock and Charles Laycock, appeal from the orders of the trial court of Du Page County granting summary judgment for defendant, American Family Mutual Insurance Company (American Family).  We affirm.   

Plaintiffs brought a declaratory judgment action seeking uninsured motorist coverage under a policy of insurance issued by American Family to Charles.  Plaintiffs alleged that on May 11, 1992, Charles' son, Steven, was involved in a near automobile collision with a vehicle driven by Scott Jungles, an uninsured motorist.  Following this near collision, Jungles screamed at Steven and Steven drove away to avoid any problems.  Jungles' car passed Steven's car and Jungles stopped his car in front of Steven's car, forcing Steven to stop.  Jungles then exited his car and, shouting threats and obscenities, beat Steven on the face, head, neck, and eyes through Steven's open window, causing injuries to Steven.  There was never any physical contact between the vehicles operated by Steven and Jungles. 

Charles told American Family's adjusters, Rosalyn Tanksley and Hank Rassel, of the occurrence.  Following an investigation, Rassel told Charles that they found that the injuries arose out of the fear and anger caused by the sudden stop and near collision, that it was unrelated to any preexisting, independent dispute or fight, and was, therefore, considered an accident covered by the policy.  American Family paid $2,103 in medical expenses and informed Charles that such benefits were paid because it was an accident.   Thereafter, Charles notified Tanksley and Rassel that Jungles was convicted of battery and that he was going to file suit against Jungles for damages.  On April 7 and 21, 1992, Charles sent letters to Tanksley confirming this, believing that there was no dispute as to coverage.  Subsequently, Tanksley and Rassel told Charles that they did not dispute coverage or object to the lawsuit, but did not want to participate because it was not cost effective.  Charles believed that no additional consent or notice had to be given in order to collect on the uninsured motorist claim.

On July 19, 1994, a civil judgment was entered against Jungles for $15,000 in damages.  American Family refused to pay on the uninsured motorist claim or arbitrate.  Plaintiffs then brought this declaratory judgment action requesting the trial court to find that their American Family automobile liability insurance policy provided coverage for compensatory damages arising from the occurrence and to order American Family to pay the $15,000 judgment pursuant to the uninsured motorist claim, or in the alternative to order arbitration.

The parties each filed motions for summary judgment concerning whether the occurrence arose out of the use of the uninsured motor vehicle.  Plaintiffs' motion for summary judgment raised the issue of estoppel on the theory that comments made by Tanksley and Rassel led them to believe that, if they filed suit for damages, American Family would make payments to plaintiffs pursuant to the uninsured motorist provision of its policy.  The trial court found that no coverage existed unless it determined that American Family was estopped from denying coverage.  Thereafter, the trial court found that estoppel did not apply and granted American Family's motion for summary judgment.  Plaintiffs filed a timely notice of appeal.

We begin our analysis by addressing the issue of whether the trial court properly granted summary judgment.  Since the parties filed cross-motions for summary judgment, they agree that only a question of law is involved and invite the court to decide the issues based on the record.  
Aryainejad v. Economy Fire & Casualty Co.
, 278 Ill. App. 3d 1049, 1051 (1996).  On appeal from the entry of summary judgment, the standard of review is 
de
 
novo
.  
Aryainejad
, 278 Ill. App. 3d at 1051.

On appeal, plaintiffs first contend that the trial court erred in determining that the insurance policy issued by American Family did not provide uninsured motorist coverage with respect to the underlying action.  The uninsured motorist provision of the policy in question provides:

"We will pay compensatory damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle.  The bodily injury must be sustained by an insured person and must be caused by accident and arise out of the use of the uninsured motor vehicle."

Insurance policies are subject to the same rules of construction that apply to other types of contracts.  
Morgan v. CUNA Mutual Insurance Society
, 242 Ill. App. 3d 1027, 1028 (1993).  In construing an insurance policy, the main objective is to ascertain and enforce the intention of the parties as expressed in the agreement.  
Milwaukee Guardian Insurance, Inc. v Taraska
, 236 Ill. App. 3d 973, 974 (1992).  Where the language of an insurance policy is clear and unambiguous, it must be given its plain and ordinary meaning.  
State Farm Fire & Casualty Co. v. Hatherley
, 250 Ill. App. 3d 333, 337 (1993).  Insurance policies must be liberally construed in favor of the insured, and all doubts and ambiguities must be resolved in favor of the insured.  
United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.
, 144 Ill. 2d 64, 74 (1991).   
Relying on 
Toler v. Country Mutual Insurance Co.
, 123 Ill. App. 3d 386 (1984), plaintiffs state that, in order for coverage to exist under the policy, there must be some causal relationship between the injuries sustained and the uninsured motor vehicle.  They argue that there was a sufficient nexus between the uninsured motorist vehicle and the injury to Steven for the policy to provide coverage because it was the use of Jungles' uninsured vehicle that stopped Steven, trapped him, and prevented his escape.  Plaintiffs' reliance on 
Toler
 is misplaced, as the insurance policy construed in that case contained a "loading and unloading" clause.  "Use" of the motor vehicle was defined to include "loading and unloading" of the motor vehicle.  The policy in the present case does not contain a "loading and unloading" clause.  In 
Toler
, the issue was whether the act which resulted in injury constituted "loading or unloading."  Here, the issue is whether the assault by the driver of an uninsured vehicle is an act that arose out of the use of the uninsured motor vehicle.

We agree with American Family that the situation in the present case is analogous to 
United States Fidelity & Guaranty Co. v. Jiffy Cab Co.
, 265 Ill. App. 3d 533 (1994).  There, the passenger was fatally stabbed by a Jiffy cab driver after the passenger exited the cab following an argument over the route the driver was taking.  The policy in question provided that the insurer would pay all sums because of bodily injury " 'caused by an accident and resulting from the *** use of a covered auto.' "  
Jiffy
, 265 Ill. App. 3d at 538.  Similar to the argument presented by plaintiffs, the cab company asserted that it was not necessary that the automobile become the instrumentality that actually caused the injury or that the type of conduct that caused the injury be that which is foreseeably identified with the normal use of the vehicle.  The court did not agree and ruled against coverage, relying on a majority of decisions throughout the country which examined and rejected similar arguments when construing policies containing similar language to that in the case at bar.  
Jiffy
, 265 Ill. App. 3d at 539-40.  The court noted that, in cases involving altercations where an insured driver assaults another motorist or a passenger as a result of hostility generated through the operation of the vehicle, the use of the vehicle was too remote, incidental, or tenuous to support coverage under an automobile liability policy.  See 
Jiffy
, 265 Ill. App. 3d at 539-40 (and cases cited therein).

In particular, the 
Jiffy
 court relied on the Florida Supreme Court decision 
Race v. Nationwide Mutual Fire Insurance Co.
, 542 So. 2d 347 (Fla. 1989), which rejected coverage under an automobile liability policy for injuries when an uninsured driver assaulted another after a minor traffic collision.  There, the policy language provided that the insurer would pay damages resulting from an " 'accident arising out of the ownership, maintenance or use of the uninsured or underinsured vehicle.' "  
Race
, 542 So. 2d at 348.  The court held that the mere creation of an atmosphere of hostility between the parties was an insufficient causal connection upon which to predicate coverage since the automobile itself did not produce the injury.  
Race
, 542 So. 2d at 351.  

Our examination of the cases cited, as well as analogous cases from other jurisdictions, persuades us that the conclusion in 
Jiffy
 controls.  While the words "arising out of" have been interpreted broadly to mean originating from, incident to, or having a causal connection with the use of the vehicle (
Dash Messenger Service, Inc. v. Hartford Insurance Co.
, 221 Ill. App. 3d 1007, 1012 (1991)), the act of leaving the vehicle and inflicting a battery is an event of independent significance which is too remote, incidental, or tenuous to support a causal connection with the use of the vehicle despite the fact that the vehicle was used to stop and trap another vehicle.

Moreover, the injuries that occurred here are not the risks the parties to the insurance contract reasonably contemplated would be covered.  In 
Aryainejad
, the plaintiff was injured when he swerved his car to avoid a pedestrian who was walking in the roadway after his uninsured car ran out of gas.  Construing an insurance policy with language similar to the policy at issue here, and after extensive analysis of different tests applied by other jurisdictions, the court adopted a test based on whether the injuries resulted from an activity that presented the type of risk the parties reasonably contemplated would be covered by the policy.  
Aryainejad
, 278 Ill. App. 3d at 1054.  The court held that the plaintiff's injuries arose out of the uninsured motorist's act of walking on the highway after his vehicle ran out of gas; that the risk posed to other drivers was within the risk for which the parties to the contract reasonably contemplated there would be coverage.  
Aryainejad
, 278 Ill. App. 3d at 1054.  

The court agreed, however, that an automobile must do more than merely transport a person to the site where an accident occurs for coverage to apply.  
Aryainejad
, 278 Ill. App. 3d at 1054.  The court stated that an assault by the driver of a vehicle is an act which is independent of and unrelated to the use of a vehicle. 
Aryainejad
, 278 Ill. App. 3d at 1054.  "Regardless of whether a vehicle creates a condition that leads to an assault, injuries resulting from an assault are not a normal or reasonable consequence of the use of a vehicle."   
Aryainejad
, 278 Ill. App. 3d at 1054-55.  We agree that an assault by the driver of a vehicle is an act which is independent of and unrelated to the use of a vehicle and is not a normal or reasonable consequence of the use of a vehicle.  Therefore, it is not a risk for which the parties to the contract reasonably contemplated there would be coverage.  Accordingly, we hold that the trial court was correct in concluding that the policy did not provide coverage.

Plaintiffs next argue that American Family is estopped from denying coverage because American Family told plaintiffs that there was coverage, knew of plaintiffs' belief that the filing of a suit was required, and remained silent in the face of such knowledge.  American Family asserts that estoppel does not apply because plaintiffs do not demonstrate how their reliance on American Family's representations resulted in prejudice.

Estoppel refers to an abatement, raised by law, of rights and privileges of the insurer where it would be inequitable to permit their assertion; such relinquishment need not be voluntary, intended, or desired by the insurer, but it necessarily requires prejudicial reliance on the part of the insured.  
Western Casualty & Surety Co. v. Brochu
, 105 Ill. 2d 486, 500 (1985); 
Yandell v. Church Mutual Insurance Co.
, 274 Ill. App. 3d 828, 832 (1995).  The burden of establishing prejudice rests with the insured and must be proved by clear, concise, and unequivocal evidence.  
Brochu
, 105 Ill. 2d at 500.

In this case, the record contains no evidence that plaintiffs were prejudiced.  Plaintiffs simply assert that they were induced into filing a civil action against Jungles.  However, prejudice cannot be presumed from the mere allegation that plaintiffs were lulled into a false sense of security without allegations or evidence of a resulting loss or action to their detriment.  
Contra
, 
e.g.
, 
Sponemann v. Country Mutual Insurance Co.
, 98 Ill. App. 3d 352, 357 (1981) (loss to insured is prejudicial where insurer led insured to believe that a settlement would be forthcoming and then shifted its position and asserted that a limitations period had expired)
.  Here, there are no allegations or evidence that the judgment obtained against Jungles has not been satisfied or that it is uncollectible.  Because plaintiffs do not assert how they were prejudiced by pursuing an action against Jungles, plaintiffs fail to establish a necessary element of estoppel.  If a plaintiff fails to establish a necessary element of a cause of action, summary judgment in favor of the defendant is proper.  
Pyne v. Witmer
, 129 Ill. 2d 351, 358 (1989).  Therefore, the trial court correctly determined that estoppel did not apply.  

We agree with the trial court that, as a matter of law, the injuries at issue here were not covered by the American Family policy and that plaintiffs failed to establish American Family was estopped from asserting coverage.  Accordingly, we affirm the grant of summary judgment for American Family.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN and HUTCHINSON, JJ., concur.