# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Menard, Inc. v. Country Preferred Insurance Co.*, 2013 IL App (3d) 120340

---

| | |
|---|---|
| Appellate Court Caption | MENARD, INC., a Foreign Corporation, Plaintiff-Appellee, v. COUNTRY PREFERRED INSURANCE COMPANY, and RUBY L. BOHLEN, an Individual, Defendants-Appellants. |
| District & No. | Third District<br>Docket No. 3-12-0340 |
| Filed | July 18, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from a dispute over the insurance coverage for the injuries defendant suffered when she tripped and fell while helping an employee of plaintiff building supply store load brick into defendant's car, the trial court properly determined that the store was covered as an insured under the provision of defendant's automobile liability policy stating that it covered injuries caused by the use of the insured vehicle in "loading or unloading," and had a duty to defend the store in plaintiff's personal injury action, since the store's employee was using the insured vehicle in the loading process, the injury occurred during the loading and was causally connected to the loading, and potentially, the fall and resulting injuries could have been caused by the store's negligence in allowing debris to remain in the area where defendant fell. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 10-MR-1141; the Hon. Barbara Petrungaro, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Keith G. Carlson (argued), of Carlson Law Offices, of Chicago, for appellants.

W. Anthony Andrews (argued) and Ericka J. Thomas, both of Ottosen Britz Kelly Cooper Gilbert & Dinolfo, Ltd., of Naperville, for appellee.

Panel

JUSTICE McDADE delivered the judgment of the court, with opinion.
Justices Carter and O'Brien concurred in the judgment and opinion.

## OPINION

¶ 1     This case is an insurance coverage dispute between Country Preferred Insurance Company and Menard, Inc. (Menard), which operates a chain of retail hardware stores doing business as Menards (Menards). The dispute arose after a personal injury plaintiff, Ruby Bohlen, fell and injured herself on the premises of a Menards store while a Menards employee was loading bricks into her car. Menard sought coverage as an insured under Bohlen's personal automobile insurance policy with Country Preferred. For the reasons that follow, we affirm the trial court's determination that Menard is covered as an insured under the policy and that Country Preferred has a corresponding duty to defend Menard in the underlying personal injury lawsuit.

¶ 2                             FACTS

¶ 3               I. Accident and Underlying Lawsuit

¶ 4     On July 1, 2009, Ruby Bohlen drove to a Menards store in Champaign, Illinois, to buy bricks. She picked out bricks from a stack and a Menards employee loaded the bricks into her vehicle. At some point during the loading process, Bohlen allegedly tripped and fell over some debris or packing material on the ground near her vehicle.

¶ 5     On May 6, 2010, Bohlen filed a premises liability suit against Menard in the circuit court of Champaign County. In her complaint, Bohlen alleged that she purchased gravel and 40 bricks from the Menards store in Champaign, and that she backed her car up to the stacks of bricks for a Menards employee to load bricks into her car. Bohlen alleged that she looked for good bricks from the stack, then placed them within reach of the Menards employee to load into her vehicle. While the Menards employee was loading her car with the bricks, Bohlen alleged, her foot became tangled in debris or packing materials near her vehicle and she fell, sustaining multiple injuries.

¶ 6     Bohlen's complaint alleged that Menard was negligent by breaching its duty to maintain safe premises for its customers. Specifically, Bohlen alleged that Menard caused the aisles, sidewalks, parking lots, entrances, and exits at the store to accumulate debris and packing material, and that Menard failed to properly remove these materials or maintain the areas in

a safe condition. According to Bohlen, Menard's negligence in maintaining safe premises caused her to fall and injure herself.

¶ 7                                II. Country Preferred Insurance Policy

¶ 8        At the time of the accident, Bohlen maintained an automobile insurance policy on her car through Country Preferred Insurance Company. In this policy, Country Preferred agreed to indemnify an "insured" when the insured must pay for property damage or bodily injuries sustained by any person. Country Preferred also agreed to defend against any claims or lawsuits alleging bodily injury and property damage covered by the policy. The policy further details what is covered:

> "The bodily injury or property damages must be caused by an accident resulting from the ownership, maintenance or use of an **insured vehicle**, including loading and unloading or of any **nonowned vehicle**."

The policy defines an "insured vehicle" as the vehicle listed on the declarations page, which is Bohlen's automobile. The policy defines an "insured" as "anyone using an insured vehicle with your permission or the permission of an adult relative."

¶ 9        The policy also contains provisions for determining the payment when other insurance is also applicable to the loss. In a section titled "Other Insurance," the policy states:

> "If there is other applicable liability insurance for a loss covered by this policy, **we** will pay only **our** share of the loss. *** However, any insurance **we** provide with respect to a vehicle **you** do not own will be excess over any other collectible insurance."

Under the policy, "you" is specially defined to mean only the person named as an insured or members of that person's household. Bohlen is the only person named as an insured on the policy.

¶ 10                                III. Coverage Dispute

¶ 11        After Bohlen filed her complaint, Menard requested that Country Preferred defend and indemnify Menard in the lawsuit; Country Preferred determined that Menard was not covered under the policy and refused the tender of defense. On November 12, 2010, Menard filed a declaratory action against Country Preferred in the circuit court of Will County. According to Menard, it was an authorized user of Bohlen's automobile and therefore qualified as an insured under her policy with Country Preferred. Menard sought a declaratory judgment finding that Country Preferred had a duty to indemnify and defend Menard in Bohlen's premises liability action.

¶ 12        Menard moved for partial summary judgment on the issue of whether Country Preferred had a duty to defend Menard, and the trial court ruled in its favor. The court determined that Menard qualified as an insured under the policy, because the injuries to Bohlen allegedly were caused by the "use" of her vehicle to load and unload bricks. The court reasoned that but for the use of the vehicle to load and unload the bricks, Bohlen would not have been injured. It also concluded that it was reasonable and foreseeable that Bohlen might be injured while loading the vehicle. Therefore, the court determined that Country Preferred had a duty

to defend Menard.

¶ 13    In response to Country Preferred's motion to reconsider, the court reaffirmed its ruling that Country Preferred had a duty to defend Menard. In addition, the trial court held that Bohlen's policy was the primary insurance coverage, not just excess coverage as Country Preferred had contended. The court relied on the policy's language stating that "any insurance we provide with respect to a vehicle you do not own will be excess over any other collectible insurance." The court found that because "you" was defined as only the policyholder, the provision providing for excess coverage did not apply to Menard as an insured.

¶ 14    After denying Country Preferred's motion to reconsider on April 2, 2012, the trial court granted a motion to add Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010) language to its order, stating that no just reason existed to delay either enforcement or appeal of the order. Country Preferred filed a notice of appeal on April 25, 2012.

¶ 15                                          ANALYSIS

¶ 16    Country Preferred has raised two issues on appeal. First, it argues that the trial court erred in ruling that it has a duty to defend Menard in Bohlen's lawsuit. Second, it argues that if Menard is covered under its policy, then Country Preferred must provide excess coverage only, not primary coverage as the trial court ruled.

¶ 17    The case before us was decided pursuant to a grant of summary judgment. Summary judgment is appropriate where the pleadings, depositions, admissions and affidavits on file, viewed in the light most favorable to the nonmoving party, reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2010). An order granting summary judgment is reviewed *de novo. Kajima Construction Services, Inc. v. St. Paul Fire & Marine Insurance Co.*, 227 Ill. 2d 102, 106 (2007).

¶ 18    When interpreting the language of an insurance contract, we apply the general rules governing the interpretation of contracts. *Hobbs v. Hartford Insurance Co. of the Midwest*, 214 Ill. 2d 11, 17 (2005). "A court's primary objective in construing the language of an insurance policy is to ascertain and give effect to the intentions of the parties as expressed by the language of the policy." *Valley Forge Insurance Co. v. Swiderski Electronics, Inc.*, 223 Ill. 2d 352, 362 (2006). Like other contracts, a court should construe an insurance policy as a whole, giving effect to every provision. *Swiderski Electronics*, 223 Ill. 2d at 362. If the words used in the policy are clear and unambiguous, then the court must give them their plain and ordinary meaning. *Central Illinois Light Co. v. Home Insurance Co.*, 213 Ill. 2d 141, 153 (2004). If, on the other hand, the policy's terms are reasonably susceptible to more than one meaning, they are ambiguous and will be strictly construed against the drafter. *Central Illinois Light Co.*, 213 Ill. 2d at 153. The construction of an insurance policy is a question of law and thus is an appropriate subject for disposition by way of summary judgment. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 391 (1993).

¶ 19                                I. Duty to Defend

¶ 20      Bohlen's policy with Country Preferred defines an insured as "anyone using an insured vehicle with your permission or the permission of an adult relative." Therefore, to determine if Menard is an insured, we must determine if Menard was "using" Bohlen's vehicle when it was loading bricks into Bohlen's car with her permission.

¶ 21      In its brief, Country Preferred seems to argue that Menard was not using the vehicle when it was loading bricks because "Menard[ ] clearly was not using the vehicle in a vehicle sense, i.e., operating and driving it." However, we reject any argument that Illinois law equates "use" of the vehicle with only operating or driving, as "use" has a broader definition. As our supreme court has noted, "the use of an automobile has been held to denote its employment for some purpose of the user." *Schultz v. Illinois Farmers Insurance Co.*, 237 Ill. 2d 391, 401, 402-03 (2010) (reviewing cases that conclude that "use" is not limited to operating a vehicle, and holding that a passenger qualifies as an insured because the passenger is a permissive user). Indeed, as the *Schultz* court noted, some jurisdictions have construed use to include loading and unloading of the vehicle. *Schultz*, 237 Ill. 2d at 402 n.3 (citing cases). See also *Blasing v. Zurich American Insurance Co.*, 2013 WI App 27, ¶ 19, 346 Wis. 2d 30, 827 N.W.2d 909 (where a Menards employee was loading lumber into plaintiff's vehicle, she was using the vehicle and thus covered as a permissive user under plaintiff's personal automobile insurance policy).

¶ 22      However, we need not look to other cases to determine if Menard was using the vehicle, because the policy itself indicates that "use" includes the loading of the vehicle. The policy states that "[t]he bodily injury or property damages must be caused by an accident resulting from the ownership, maintenance or use of an insured vehicle, including loading and unloading." When construing an insurance contract, the court should give effect to the intention of the parties as expressed in the agreement and enforce plain and unambiguous terms. *Schultz*, 237 Ill. 2d at 400. This policy language indicates that the parties consider loading to be a use of the vehicle, and therefore we conclude that Menard was using Bohlen's vehicle when the store's employee was loading the car with bricks. Because it is undisputed that Menard had Bohlen's permission to perform this action, Menard falls under the policy's definition of an insured.

¶ 23      Having determined that Menard qualifies as an insured, we must now determine whether Country Preferred has a corresponding duty to defend Menard in Bohlen's personal injury action. This issue will be resolved by determining whether Bohlen's claim for bodily injury is potentially covered by the policy.

¶ 24      Under Illinois law, an insurer has a duty to defend the insured if the underlying complaint alleges facts that fall within, or potentially within, the policy's coverage. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 125 (1992). The duty to defend is much broader than the duty to indemnify, because the duty to defend is triggered if the complaint *potentially* falls within the policy's coverage; the duty to indemnify, on the other hand, applies only when the resulting loss or damages *actually* come within the policy's coverage. *Stoneridge Development Co. v. Essex Insurance Co.*, 382 Ill. App. 3d 731, 741 (2008).

¶ 25    To determine if loss is potentially covered under an insurance policy, a court must compare the allegations in the underlying complaint to the policy language. *General Agents Insurance Co. of America, Inc. v. Midwest Sporting Goods Co.*, 215 Ill. 2d 146, 154 (2005). "[I]t is the alleged conduct, and not the labeling of the claim in the complaint," which determines whether there is a duty to defend. *Steadfast Insurance Co. v. Caremark Rx, Inc.*, 359 Ill. App. 3d 749, 756 (2005). Both the underlying complaint and the insurance policy should be liberally construed in favor of the insured. *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64, 74 (1991).

¶ 26    According to the policy, to be covered Bohlen's injuries must be "caused by an accident resulting from the *** use of an insured vehicle, including loading and unloading." To come within the coverage of a "loading and unloading" clause like the one at issue here, an accident "[(1)] must have occurred during the process of loading and unloading the vehicle in question and [(2)] must be causally connected with the act of loading or unloading." *Toler v. Country Mutual Insurance Co.*, 123 Ill. App. 3d 386, 389 (1984) (citing 7 Am. Jur. 2d *Automobile Insurance* § 208 (1980)). We conclude that Bohlen's complaint alleges facts that potentially satisfy both requirements, and therefore find a duty to defend exists in this case.

¶ 27    First, we consider whether the accident which injured Bohlen occurred during the process of loading her vehicle. To determine whether an injury occurred while loading or unloading a vehicle, Illinois courts have applied the "complete operations" doctrine, in which loading includes the entire process of moving an article, including acts in preparation for loading. *Toler*, 123 Ill. App. 3d at 389. See also *Estes Co. of Bettendorf, Iowa v. Employers Mutual Casualty Co.*, 79 Ill. 2d 228, 233 (1980) (applying complete operations doctrine in a commercial dispute). From a review of her complaint, it is apparent that Bohlen was injured while the Menards employee was loading bricks into her vehicle, as she specifically alleges that her "foot became entangled in the debris and/or packing material during the loading process and as a result, she fell." Therefore, we conclude that Bohlen's injury occurred during the complete operations of loading her vehicle with bricks.

¶ 28    Next, we must determine if the accident was causally connected to the use of Bohlen's vehicle to load and unload bricks. To find coverage under an insurance policy, there must be some causal connection between the injury and the use of the vehicle. *Aryainejad v. Economy Fire & Casualty Co.*, 278 Ill. App. 3d 1049, 1053 (1996). Strict proximate causation is not required, however. *Woodside v. Gerken Food Co.*, 130 Ill. App. 3d 501, 507 (1985). In *Aryainejad*, we determined that to analyze the causal connection requirement, we should apply the "reasonable contemplation" test. *Aryainejad*, 278 Ill. App. 3d at 1054.[1] This test affords coverage where the injury is the result of an activity that presented the type of risk

---

[1]Illinois courts have not adopted a uniform test to determine whether there is a sufficient causal connection between an injury and the use of a vehicle. *Aryainejad*, 278 Ill. App. 3d at 1053. Other courts have concluded that "but for" causation was sufficient to find coverage. See, *e.g.*, *Toler*, 123 Ill. App. 3d at 389. However, in *Aryainejad* we declined to apply but for causation and instead adopted the reasonable contemplation test. *Aryainejad*, 278 Ill. App. 3d at 1054. See also *Ramirez v. State Farm Mutual Automobile Insurance Co.*, 331 Ill. App. 3d 77, 85 (2d Dist. 2002) (applying the reasonable contemplation test).

that the parties reasonably contemplated would be covered by the policy. *Aryainejad*, 278 Ill. App. 3d at 1054. Applying this test, the court must determine whether the negligent act which caused the injury was a reasonable incident or consequence of the use of the automobile. *Aryainejad*, 278 Ill. App. 3d at 1053 (citing *Westchester Fire Insurance Co. v. Continental Insurance Cos.*, 312 A.2d 664, 669 (N.J. Super. Ct. App. Div. 1973)).

¶ 29    Thus, for Country Preferred to have a duty to defend, Bohlen's injury must potentially have been the result of a negligent act which was a reasonable incident or consequence of the use of Bohlen's car. We believe that Bohlen's injury is potentially the result of an activity reasonably contemplated by the parties, because her injury potentially resulted from Menard's use of her vehicle to load bricks. In her complaint, Bohlen alleged that before she fell, she was assisting the Menards employee load bricks into her car by placing bricks from the stack within the employee's reach. She then tripped over debris or packing material near her vehicle during the loading process. The complaint does not allege whether this debris or packing material was there before the loading process started or if it originated from the loading process itself. Country Preferred argues that Bohlen's complaint alleges that Menard negligently allowed debris to accumulate on its premises, which it argues has nothing to do with Menard's use of the vehicle. However, we must liberally construe the underlying complaint (see *Wilkin Insulation Co.*, 144 Ill. 2d at 74), and based on the facts alleged, it is possible that the debris which injured Bohlen came from loading her car with bricks. The debris or packing material could have been placed there by the Menards employee loading Bohlen's vehicle, or been disturbed by the loading process. Because Bohlen's complaint does not specifically allege that the debris existed independently of the loading, or that the debris did not originate from the loading process, the injury potentially could have resulted from Menard's use of the vehicle. See *Outboard Marine Corp.*, 154 Ill. 2d at 126-27 (where the underlying complaint did not allege intentional or knowing conduct by the insured, then the complaint alleged conduct which potentially could have been covered under the policy's "sudden and accidental" provision).

¶ 30    We hold that under facts alleged in the complaint, Bohlen's injury could have resulted from Menard's use of the vehicle. Accordingly, her injury is potentially covered and Country Preferred has a duty to defend Menard in Bohlen's lawsuit.


¶ 31                    II. Primary or Excess Coverage

¶ 32    Country Preferred has also challenged the trial court's ruling that Country Preferred's coverage would not be excess. The policy states that "any insurance we provide with respect to a vehicle you do not own will be excess over any other collectible insurance." Country Preferred argues that because Menard does not own Bohlen's vehicle, any coverage Menard receives as the insured should only be excess. However, "you" is defined to only include the named insured, and Bohlen is the only named insured listed on the policy's declarations page. Therefore, this provision does not apply to Menard as a permissive user of Bohlen's vehicle, so the trial court correctly ruled that Country Preferred would not be limited to providing excess coverage.

¶ 33           CONCLUSION

¶ 34    For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

¶ 35    Affirmed.