**Christopher M. COLE, Plaintiff–Appellee,**

v.

**UNITED SERVICES AUTOMOBILE ASSOCIATION (USAA), Defendant–Appellant.**

**No. 01CA2542.**

Colorado Court of Appeals, Div. I.

Oct. 10, 2002.

Certiorari Denied May 12, 2003.*

---

* Justice KOURLIS and Justice COATS would grant as to the following issues:

Whether the court of appeals erred in concluding that the injury "flowed from the use of the uninsured vehicle" when the plaintiff's injuries were the result of a physical assault with a wine bottle and fists committed by a former passenger (who was not the owner or operator of the vehicle) after he had exited the parked vehicle.

Whether the court of appeals erred in creating a new form of vicarious liability for owners or operators of vehicles, by stating that, "because plaintiff's injuries flowed from the use of the uninsured vehicle, plaintiff is legally entitled to recover from the owner or operator of the uninsured vehicle for using it to allow the assault on plaintiff."

Whether extension of UM coverage to cover this fact pattern violates the spirit and intent of the UM statute and violates the public policy of Colorado.

Law Firm of Richard P. Ranson, Richard P. Ranson, Colorado Springs, Colorado, for Plaintiff–Appellee.

Johnson & Ayd, P.C., Patricia M. Ayd, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge MARQUEZ.

In this declaratory judgment action, defendant, United Services Automobile Association, appeals the summary judgment in favor of plaintiff, Christopher M. Cole. We affirm.

Plaintiff is a covered person under an automobile insurance policy issued by defendant. Plaintiff initiated this action seeking a declaration of defendant's contractual responsibilities under the uninsured motorist section of the policy, which provides:

We will pay compensatory damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of:

    1.  BI [bodily injury] sustained by a covered person and caused by an auto accident;

    . . . .

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle.

The policy defines "bodily injury" as "bodily harm, sickness, disease, or death," but does not define the word "accident."

Defendant moved for summary judgment, and the parties submitted the dispute to the trial court on stipulated facts.

According to the stipulated facts, plaintiff was a passenger in an automobile traveling in the right lane of Union Boulevard in Colorado Springs when an uninsured vehicle began to tailgate plaintiff's vehicle. The driver of plaintiff's vehicle slowed so that the uninsured vehicle could pass. The uninsured vehicle then pulled around plaintiff's vehicle on the left and "pulled back in front of [plaintiff's] vehicle and stopped suddenly." Plaintiff's vehicle stopped to avoid a collision. The driver of the uninsured vehicle then backed his vehicle into the front of plaintiff's vehicle. Both drivers left their vehicles, and an altercation ensued. A passenger in the uninsured vehicle went to plaintiff's vehicle, opened the passenger door, and assaulted plaintiff with his fists and a wine bottle.

Defendant determined that personal injury protection coverage was available under the policy, but denied uninsured motorist coverage because plaintiff's injuries were "not the result of an auto accident, but [of an] assault from a person entering [plaintiff's vehicle] as a pedestrian."

However, the trial court, relying on *State Farm Mutual Automobile Insurance Co. v. McMillan*, 925 P.2d 785 (Colo.1996), concluded that plaintiff's injuries were caused by an accident within the meaning of the policy and declared that the uninsured motorist provision mandated coverage for plaintiff's compensatory damages. The trial court deter-

mined that the "legal distinction" between sending an assailant directly from the uninsured vehicle to batter a passenger in another car and firing a bullet from an uninsured vehicle into the victim's car seemed minute.

We view the court's order as a summary judgment and review it de novo. *See Fire House Car Wash, Inc. v. Bd. of Adjustment for Zoning Appeals,* 30 P.3d 762 (Colo.App. 2001).

## I.

■ Defendant contends that the trial court erred in finding coverage under the policy because plaintiff's injuries did not arise out of the use and operation of the uninsured motor vehicle, but rather resulted from a physical attack with a wine bottle by an assailant who had severed his connection with the parked uninsured vehicle. We disagree.

■ Whether coverage is available under the policy depends on whether plaintiff's injuries arose from the "use" of the uninsured vehicle. *See Cung La v. State Farm Auto. Ins. Co.,* 830 P.2d 1007 (Colo.1992)(causal connection required between the uninsured motor vehicle and the injury).

The supreme court has interpreted the term "use" broadly in automobile insurance coverage cases. *State Farm Mut. Auto. Ins. Co. v. Kastner,* 56 P.3d 1144 (Colo.App.2002).

■ An injury arises out of the use of an automobile if it is causally related to a conceivable use of the automobile that is not foreign to its inherent purpose. To establish this causal relationship, the claimant must show that the injury would not have occurred but for the vehicle's use. *Metro. Prop. & Cas. Ins. Co. v. Neubert,* 969 P.2d 733 (Colo. App.1998).

■ The claimant need not establish that the vehicle was the sole cause of the accident; it is sufficient that the injury "originated in," "grew out of," or "flowed from" use of the vehicle. *Cung La v. State Farm Auto. Ins. Co., supra,* 830 P.2d at 1011.

In *Cung La, supra,* an insured was injured when three vehicles prevented the insured from changing the speed or direction of his vehicle and enabled an assailant in an uninsured vehicle to shoot the insured. The supreme court found a causal connection between the insured's injuries and the uninsured motor vehicle, reasoning that without the assistance of the three vehicles, the assailant would not have been able to restrict the movement of the insured's vehicle and shoot the insured.

In *McMillan, supra,* a vehicle began tailgating the plaintiff's vehicle and flashing its headlights. After a verbal altercation and a chase, the second vehicle pulled alongside, and the driver fired shots at the plaintiff's vehicle, injuring the plaintiff. The driver of the second vehicle was uninsured. The supreme court concluded that the plaintiff's injuries were "caused by accident" as set forth in the insurance policy and were within the policy's coverage.

Here, as in *Cung La* and *McMillan,* the uninsured vehicle impeded the progress of plaintiff's vehicle and enabled the passenger of the uninsured vehicle to get out and assault plaintiff. Contrary to defendant's assertion, the uninsured vehicle was not used merely to transport the assailant to the scene of the assault. Rather, the uninsured vehicle was integrally related to the perpetration of the assault, and, but for its use, the assault on plaintiff would not have occurred. In our view, the injury "originated in," "grew out of," or "flowed from" the use of the uninsured vehicle. *See Cung La v. State Farm Auto. Ins. Co., supra.*

■ Moreover, the fact that the assailant left the uninsured vehicle before assaulting plaintiff does not sever the causal connection between plaintiff's injuries and the uninsured vehicle. *See Metro. Prop. & Cas. Ins. Co. v. Neubert, supra* (but for accident arising from the use of the car, insured would not have approached uninsured vehicle and would not have been assaulted by passengers exiting the uninsured vehicle); *see also Cung La v. State Farm Auto. Ins. Co., supra* (claimant need not establish that the vehicle was the sole cause of the accident).

Nor are we persuaded by those cases from other jurisdictions reaching a contrary conclusion when addressing a similar fact pattern. *See, e.g., Laycock v. Am. Family Mut. Ins. Co.,* 289 Ill.App.3d 264, 224 Ill.Dec. 821, 682 N.E.2d 382 (1997); *Cannon v. Maine Bonding & Cas. Co.,* 138 N.H. 365, 639 A.2d 270 (1994).

Thus, plaintiff has established a causal connection between his injuries and the uninsured vehicle sufficient to trigger uninsured motorist coverage under the policy.

## II.

Defendant nevertheless contends that the trial court erred in finding plaintiff was covered under the policy for "compensatory damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle." It argues that plaintiff's injuries were not inflicted by the owner or operator of the uninsured motor vehicle, but by the former passenger. We disagree.

Because plaintiff's injuries flowed from the use of the uninsured vehicle, plaintiff is legally entitled to recover from the owner or operator of the uninsured vehicle for using it to allow the assault on plaintiff. *See Cung La v. State Farm Auto. Ins. Co., supra.*

The judgment is affirmed.

METZGER and RULAND **, JJ., concur.